STATE OF MAINE
PENOBSCOT, SS.

FILED & ENTERED
SUPERIOR COURT

AUG 03 2009

PENOBSCOT COUNTY

SUPERIOR COURT
LOCATION: BANGOR
DOCKET NO CR-08-1206

STATE OF MAINE,

v.                                                    ORDER

LISA GLEASON


Hearing was held on the defendant's motion to suppress and memoranda filed by May 6, 2009. The state was represented by Michael Roberts, Esq. while the defendant was present and represented by counsel, Michael Whipple, Esq. The unusual issue in this case is, preliminarily, not a suppression issue at all, but whether the officer's police report is admissible. In her motion, the defendant seeks to have evidence suppressed because it was seized as a result of illegal search and seizure and also seeks to have statements suppressed because they were obtained in violation of her constitutional rights. Because Officer Carr has absolutely no recollection of the stop, the state offered into evidence at the motion hearing the police report he wrote soon after the event as the only evidence relevant to the suppression issues.

As a threshold issue, defendant asserts that officer Carr is not competent to testify because he lacks any reasonable ability to remember the matter. This argument would be valid if the witness were examined with regard to events that took place at the time of the stop because M.R.Evid. 601(b)(4) provides that a witness is disqualified if the witness lacks any reasonable ability to remember the matter. In this case, however, the officer's testimony was offered only to establish that it was his routine and practice to write an accurate report soon after an operating under the influence stop. There was

no reason offered that would cause him to depart from this practice with regard to the stop of this defendant. Acknowledging this limited scope of testimony, the court finds that Officer Carr was competent to testify concerning this topic.

The state argues that the report is admissible because it qualifies as a recollection recorded as defined in M.R.Evid. 803(5). The state asserts that it is a record made by the officer when the matter was fresh in the officer's memory concerning a matter about which the witness once had knowledge but now has insufficient recollection to enable the witness to testify fully, and it reflects that information correctly. It could also be argued, as in *State v. Theriault*, 485 A.2d 986 (Me. 1984), that the report is admissible according to M.R.Evid, 803(6) as a record of regularly conducted business. To qualify under this hearsay exception, the record must have been made at or near the time of the transaction by a person with knowledge of the event, it must have been kept in the ordinary course of business, the business must regularly make such records, and the circumstances surrounding the preparation of the record must not indicate a lack of trustworthiness. Finally, it could be admitted under the public records exception, M.R.Evid. 803(8), were it not for subsection (B) of the exception which explicitly excludes police investigative reports.

One could logically argue that the policy behind exempting investigative reports from the public records exception applies equally to the business records exception and recorded recollection when either exception is used with regard to investigative reports. Although the Law Court initially refused to except investigative reports from the regularly conducted business exception, *see Theraiult,* at 997 n. 17, it reversed course to a certain extent in *State v. Tomah*, 1999 ME 109. In *Tomah,* the law Court ruled that the report of a defense expert prepared for litigation purposes, a report termed an "advocacy report", could not be admitted under the business records exception to the

hearsay rule because such reports lack trustworthiness. *Id. at P14.* Although this decision falls short of excluding all investigative reports from the exception, a distinction that was criticized by the concurring justices, it would appear to apply to the type of investigative report that is the subject of this litigation, if there were an attempt to argue admissibility under the business records exception. One could reasonably argue that the policy against having investigative reports admitted under the business records and public records exceptions to the hearsay rule should apply equally to the remaining hearsay exception that could apply, recorded recollection. Apart from this issue, the state has met the requirements for the report's admissibility under the recorded recollection exception, M.R.Evid. 803(5).

For this report to be admissible in this proceeding, it not only must qualify as an exception to the hearsay rule, but it also must be tested against the different analysis required by the Confrontation Clause of the United States Constitution. *See State v. Gorman,* 2004 ME 90, P 46. Testimonial statements (such as this police report) of witnesses absent from trial are admissible only when the declarant is unavailable and the defendant has had an opportunity to cross-examine. *Crawford, v. Washington,* 541 U.S. 36 59, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). However, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of prior testimonial statements. *Id. at 1369 n.9.* As applied to this case in which there has been no prior opportunity for cross–examination, the issue then becomes whether Officer Carr appeared for cross–examination at trial as contemplated by *Crawford.*

To examine this question, this court has reviewed several cases in which the issue of what constitutes appearing for cross–examination in this context is addressed. In *Gorman,* the murder defendant's mother testified at the grand jury to certain

admissions that the defendant made to her after the crime was committed. At the time of trial she testified that she was unable to remember the admissions, but was able to remember many other details immediately before and after the time that she had originally said her son made the admissions. At the trial, the mother's grand jury testimony was admitted because it qualified as a recorded recollection and she was available for cross-examination at trial. The Law Court upheld the admissibility of the grand jury testimony despite defense arguments that the mother was effectively unavailable for cross-examination because of memory loss and psychiatric issues, indicating that it is the literal right to confront the witness at the time of trial that mattered. The court also indicated that the defendant's unavailability argument was essentially an attempt to reargue the competence issue that had already been decided adversely to the defendant.

The *Gorman* decision was based in part on *United States v. Owens*, 484 U.S. 554, 108 S. Ct. 838, 98 L. Ed. 2d 951 (1988), in which the victim of an assault identified the defendant as the perpetrator from a photo array several weeks after the crime was committed. At trial he testified to many events before and during his attack, indicated that he could not remember seeing the defendant at the time of the crime, but did remember identifying him in the photo array. The defense argued that the prior identification should not be admissible because there was no opportunity for effective cross-examination on the issue of the basis for the identification. The Supreme Court upheld the admissibility of the out of court identification from the photo array, saying that the Confrontation Clause "guarantees only an opportunity for effective cross examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id. at 559.*The Court went on to say that the "opportunity is not denied when a witness testifies as to his current belief but is unable

to recollect the reason for the belief. It is sufficient that the defendant has the opportunity to bring out such matters as the witness' bias, his lack of care and attentiveness, his poor eyesight, and even… the very fact that he has a bad memory. *Ibid.* Citing *Delaware v. Fensterer, 474 U.S. 15 (1985) (per curiam),* the Court stated that the Confrontation Clause does not guarantee that every prosecution witness will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion and that the Clause is satisfied by giving the defense an opportunity to probe these shortcomings on cross and give the fat-finder reasons for giving little weight to the testimony.

The admissibility of Officer Carr's police report depends on whether Officer Carr has appeared for effective cross-examination at the motion to suppress in a manner that satisfies the Confrontation Clause. The critical issue is whether this appearance is different from the witnesses' appearance in other defective memory cases, such as those above, in which it was ruled that the Clause was not violated when the witness' past recollection was admitted. What is notable about this case is that the witness has absolutely no memory of any fact relevant to the charge. In all other cases reviewed by the court, the witnesses remembered a wide variety of relevant facts but couldn't remember facts relevant to a narrow issue. Frequently there was a claim of selective memory loss and cross-examination focused on persuading the jury that the witness was trying to protect the defendant at trial but was telling the truth when the prior recollection was recorded. Cross-examination could include any number of questions concerning what the witness in fact remembered about the incident that is relevant to trial issues, questions that are relevant to bias and prejudice, and questions relevant to whether the prior statement could have been inaccurate or misleading. In this case there is virtually no relevant question concerning the operating under the influence charge that defense counsel could ask because Officer Carr has no memory of the stop,

investigation, and arrest of the defendant. His only competent testimony concerns his routine and practice with regard to report preparation. Although there could be meaningful cross-examination with regard to when the officer prepared the report and whether he included inaccurate information in a report, the defendant would be deprived of inquiring about the alleged operating under the influence incident itself. If the report were admitted, the ruling would have the effect of permitting a witness to testify who was competent to testify on direct concerning report writing, but not competent for cross-examination purposes concerning the underlying incident.

Additional reasons support excluding this report from evidence at this motion to suppress. The police report could contain inadmissible hearsay or other information that would be inadmissible at a hearing with a testifying witness. Additionally, although this court does not doubt Officer Carr's lack of memory concerning this 1990 incident, it fears that admitting police reports into evidence whenever a police officer testified that he or she had no memory of the underlying incident could become common place, leading to an erosion of Confrontation Clause rights. Finally, any policy behind exempting investigative reports from both the public records and business records exceptions to the hearsay rule should apply equally to the recorded recollection exemption.

Because there no competent evidence concerning the motion to suppress was admitted, the motion is granted and all evidence obtained as a result of the stop of defendant's vehicle is suppressed.

The clerk is directed to incorporate this Order into the docket by reference.

Dated: August 3, 2009

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT